IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JOHN MAHONY and DIANE
MAHONY, as husband and wife,

    Plaintiffs,

vs.                                                CASE NO.:    2011-CA-16841

JAMIE RODRIGUEZ and MARIA
RODRIGUEZ, as husband and wife,

    Defendants.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, JOHN MAHONY and DIANE MAHONY, as husband and wife, sue the Defendants, JAMIE RODRIGUEZ and MARIA RODRIGUEZ, as husband and wife, and state as follows:

1. This is a cause of action in excess of the Court's minimum jurisdictional amount of Fifteen Thousand ($15,000.00) dollars exclusive of costs, prejudgment interest and attorney's fees.

2. On or about April 7, 2011, Plaintiffs, JOHN MAHONY and DIANE MAHONY ("Purchasers"), entered into an "As Is" Residential Contract for Sale and Purchase ("Purchase Agreement") with Defendants, JAMIE RODRIGUEZ and MARIA RODRIGUEZ ("Sellers"), for the real property located at 14812 Tanja King Blvd., Orlando, FL 32828 ("the Property"). A copy of the Purchase Agreement is attached hereto as Exhibit "A."

3. Sellers provided Purchasers with the Seller's Real Property Disclosure Statement, a copy of which is attached hereto as Exhibit "B." In the Seller's Real Property Disclosure

                                                                                 Exhibit "A"

Statement, although limited in scope, Sellers only disclosed that there was a history of a roof-related problem over the flat roof area that was repaired. Sellers also verbally advised Purchasers that the leak was minimal and that there was nothing other than cosmetic damage associated with same.

4. Following the closing on the property in October 2011, Purchasers learned that there was substantial damage to the structure and to the building materials throughout the home that were not obvious and which were known of by Sellers before the transaction closed.

5. Prior to the closing on the sale, Sellers made the following representations about the home:

   A. There was a small deck leak into the garage that was cosmetic in nature and that had been repaired by Sellers;

   B. Sellers advised Purchasers that the deck needed some sealant but that there were no problems with same;

   C. The leak that was referenced in the Seller's Disclosure Statement was repaired and that there was no other damage from this leak;

   D. Sellers represented that the roof leak which necessitated the repair was minor and that there were no problems resulting from same; and

   E. Sellers represented that the rear French doors required some paint but that there were no problems with same.

6. Notwithstanding these representations, Plaintiffs discovered the following after moving into the home:

    A.    There was a tremendous amount of moisture intrusion and mold/fungal growth throughout the purported garage repair area resulting from an occult water leak whose severity was far worse than represented;

    B.    The French doors were completely rotted despite the representation that they merely needed a coat of paint;

    C.    The balconies were completely rotted and structurally unsound/unsafe despite the representation that they only needed some sealant;

    D.    The "Baby's bedroom" sustained tremendous damage from the roof leak which leak was represented to be minimal;

    E.    The laundry room sustained tremendous damage from the roof leak which leak was represented to be minimal; and

    F.    The master bedroom and bathroom sustained tremendous water damage from the balconies when it was represented by Sellers that the balconies needed a little sealant but were otherwise in good condition.

7.    Sellers knew that the statements made in Paragraph 5 were false or misleading. More specifically, Sellers misrepresented the extent of the property damage at the home and represented that any repairs that were made by Sellers resolved all problems incidental to those repairs when, in fact, the opposite was true.

8.    The statements made by Sellers in Paragraph 5 were intended to induce Purchasers to purchase the Property.

9.    Purchasers justifiably relied upon the Sellers' representations set forth in Paragraph 5 above by entering into the transaction that resulted in Purchasers purchasing the Property.

10. As a result of the above, Purchasers suffered damages.

11. As a result of the misrepresentations made by Sellers, Plaintiffs suffered the following damages:

    A. Out-of-pocket expenses to determine the defects in the Home;

    B. Alternative living expenses;

    C. Loss of use of the home;

    D. Out-of-pocket expenses to repair the home;

    E. Cost of expert testing;

    F. Diminution in value of the home; and

    G. General damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, costs, pre-judgment interest, attorney's fees pursuant to Section 17 of the Purchase Agreement and for any other relief this Court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed through ECF this 14 day of August 2012 to:

Darren M. Soto, Esq.
Dorough Calzada & Soto, LLP
419 North Magnolia Avenue
Orlando, FL 32801

                      LAW OFFICES OF BRAD E. KELSKY, P.A.
                      Counsel for Plaintiffs
                      10189 Cleary Blvd.
                      Suite 102
                      Plantation, FL 33324
                      954.449.1400
                      Fax:  954.449.8986
                      Email:  bradkelsky@kelskylaw.com

BY:   /s/ Brad E. Kelsky
        BRAD E. KELSKY
        FBN:  0059307