UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:15-bk-01397-CCJ
Chapter 7

IN RE:

JAIME RODRIGUEZ & MARIA CELESTE RODRIGUEZ,

    Debtors
_____/

DIANE MAHONY and JOHN MAHONY,

    Plaintiffs,

vs.                                                                                         Adversary Proceeding

JAIME RODRIGUEZ and MARIA RODRIGUEZ,            No. 6:15-AP-00038-CCJ

    Defendants.
_____/

**AMENDED COMPLAINT TO DETERMINE**
**DISCHARGEABILITY OF JUDGMENT DEBT**

    Plaintiffs, DIANE MAHONY and JOHN MAHONY sue the Defendants, JAIME RODRIGUEZ and MARIA RODRIGUEZ, and state as follows:

    1.    This is an action pursuant to Bankruptcy Code § 523(a)(4) and § 523(a)(6) to determine the dischargeability of a judgment debt owed to Plaintiffs by Defendants.

    2.    This is a core proceeding as defined in 28 U.S.C. § 157(b)2)(I), for which this Court has jurisdiction under 28 U.S.C. § 1334.

    3.    Venue is proper in this Court under 28 U.S.C. § 1409(a).

4. Defendants, JAIME RODRIGUEZ and MARIA RODRIGUEZ ("Defendants") are the Chapter 7 debtors in the main case whose voluntary petition was filed in this Court on February 19, 2015 and assigned Case No. 6:15-bk-01397-CCJ.

5. On August 14, 2012, Plaintiffs filed an Amended Complaint against Defendants in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 11-CA-16841, alleging that Defendants fraudulently misrepresented the condition of a home that Defendants sold to Plaintiffs on an "as is" basis. A copy of the Amended Complaint is attached hereto as Exhibit "A".

6. During the course of the proceedings, it was determined that Defendants misrepresented the condition of the home pursuant to the express terms of the Purchase Agreement and, separately, misrepresented the condition of the home during several walk through inspections that occurred after the execution of the Purchase Agreement.

7. A jury trial led to the entry of a verdict in Plaintiffs' favor on the fraudulent misrepresentation count in the amount of $78,128.87 on July 30, 2014. A copy of the verdict is attached hereto as Exhibit "B."

8. On September 30, 2014, the Court entered a final judgment in the amount of $88,042.72 ("Final Judgment") in favor of Plaintiffs based upon the verdict finding Defendants guilty of fraudulent misrepresentation. A copy of the Final Judgment is attached hereto as Exhibit "C."

9. Defendants never appealed the final judgment and, depending upon the outcome of this adversary proceeding, the circuit court has granted entitlement to Plaintiffs to recover attorney's fees pursuant to the Purchase Agreement.

## COUNT ONE

### (Nondischargeability of Debt – 11 U.S.C. § 523(a)(2)(A))

10. Plaintiffs repeat and re-allege the allegations of Paragraphs 1-9 as if same were fully set forth herein and further allege as follows:

11. Pursuant to 11 U.S.C. § 523(a)(2)(A), a discharge under section 727 does not discharge an individual debtor from any debt for money, property, services to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

12. The Final Judgment, based upon the pleadings, the discovery, the evidence, the testimony, the jury instructions, the legal arguments of counsel and the verdict proved that Defendants intentionally and fraudulently induced Plaintiffs to purchase Defendants' home. These misrepresentations include, but are not limited to, express misrepresentations based upon the purchase agreement and oral misrepresentations made after the purchase agreement was executed during walk through inspections of the property.

13. The evidence, testimony and legal findings at the trial established the existence of false misrepresentations knowingly made by Defendants that were relied upon by Plaintiffs to justify Plaintiffs' purchase of Defendants' home.

14. Plaintiffs suffered damages as a proximate result of Defendants' misrepresentations.

WHEREFORE, Plaintiffs respectfully request this Court to grant judgment against the Defendants and (a) enter an award determining the debt owed to Plaintiffs is nondischargeable and (b) grant any such other relief it deems appropriate.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to seek leave to supplement or amend the current factual allegations and claims, and/or to add additional parties, following the commencement or completion of discovery.

DATED this 5th day of May 2015.

/s/ Brad E. Kelsky
_____
BRAD E. KELSKY, ESQ. Kelsky Law, P.A.
1250 S. Pine Island Florida
Suite 250
Plantation, FL 33324 954.449.1400
Fax:  954.449.8986
Email: bradkelsky@kelskylaw.com FBN: 0059307

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF to:

Raymond J. Rotella, Esq.
Kosto & Rotella, P.A.
519 East Washington Street
Orlando, FL 32801
407.425.3456

/s/ Brad E. Kelsky
_____
BRAD E. KELSKY, ESQ.