UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the Matter of:

JAIME RODRIGUEZ and MARIA CELESTE RODRIGUEZ

    Debtors.

CASE NO. 6:15-BK-1397-CCJ
ADV. FILE NO. 6:15-AP-00038-CCJ

_____

DIANE MAHONY and JOHN MAHONY

    Plaintiffs,

v.

JAIME RODRIGUEZ and MARIA RODRIGUEZ

    Defendants.
_____/

### DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. #42) AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendants, by and through their undersigned attorneys, and file this their Objection to the Motion for Summary Judgment (Doc. #42), and Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment, and in support of Defendants' Motion for Summary Judgment, and as grounds therefor will show as follows:

1.     The Plaintiffs ask this Court to grant them a Summary Judgment because of a pre-bankruptcy State Court trial, which resulted in a jury verdict for Plaintiffs. The Defendants ask this Court to deny the Plaintiffs' request for a Summary Judgment, and to grant Defendants a

1

Summary Judgment holding that what happened in the State Court does not collaterally estop Defendants from a trial of the Plaintiffs' adversary complaint.

2. Plaintiffs wrongly state there are undisputed facts set forth in Plaintiffs' Motion for Summary Judgment in paragraphs numbered one (1) - sixty-two (62). Defendants disagree all of the paragraphs one (1) - sixty-two (62) represent undisputed facts. Nor have the Defendants stipulated that paragraphs one (1) - sixty-two (62) are all stipulated facts, which this Court can adopt. For example, just because the Plaintiff, Mr. Mahony, testified as is represented in multiple paragraphs, does not mean the Defendants agree the testimony was accurate or truthful. Similarly, Defendants do not agree that the experts used during the trial, presented undisputed, accurate and truthful testimony. Therefore, Defendants object to the Court using these claimed undisputed facts, which were never findings of fact made in the State Court case, to be the basis for a Summary Judgment.

3. Visibly absent in the State Court jury verdict (Exhibit B to the Plaintiff's Motion for Summary Judgment), and the Final Judgment (Exhibit "C" to the Plaintiff's Motion for Summary Judgment) are any findings of fact that any witness testimony was found to be truthful or undisputed. Therefore, the testimony should not be accepted as "undisputed" or "truthful".

4. Nor do the Defendants agree the Court can decide in favor of Plaintiffs as a matter

of law, since there are no State Court findings of fact or conclusions of law that Defendants made a "fraudulent" misrepresentation.

5. Plaintiffs' legal arguments are not supported by any findings of fact in either the jury verdict or the Final Judgment. Without the needed findings of fact made in the State Court, this Court cannot, as a matter of law, find the verdict and Final Judgment collaterally estop Defendants from defending the Plaintiffs' dischargeability complaint.

6. Defendants will address and refute each of the four arguments Plaintiffs make in their Motion for Summary Judgment.

A) "This adversary is identical to the finding of fraudulent (sic) misrepresentation in the State Court action".

Though Plaintiffs state there was a finding of a "fraudulent" misrepresentation, this is not true. Nothing in the jury verdict form asked the jury to make a finding there was a "fraudulent" misrepresentation, and the jury therefore, did not make a fraudulent misrepresentation finding. The verdict merely found "the Defendants misrepresented the condition of the home". The verdict made no findings the misrepresentation was done intentionally, with the intent to defraud the Plaintiffs, and the Plaintiffs justifiably relied upon the false representation.

Nor did the verdict make all of the findings, that are recited in paragraphs one (1) through sixty-one (61) of the Plaintiffs' Motion for Summary Judgment.

3

Contrary to what Plaintiffs argue, the jury was not asked to make any of the findings required to be made to support a non-dischargeable fraud claim. Plaintiffs' wrongful attempt to extrapolate a finding that a fraudulent misrepresentation occurred, when the jury was not asked to make this finding in the verdict form. Such attempted extrapolation should be totally rejected, as it is without merit.

Nor did the jury instruction discuss all the elements required by 11 U.S.C. §523(a)(2)(A). Most pointedly, there is no element listed in the jury instruction that told the jury that if they found Plaintiffs relied upon a statement, the jury must find the Plaintiffs reasonably or justifiably relied upon any statement Defendants made to Plaintiffs.

Under 11 U.S.C. §523(a)(2)(A), the required elements are "[1] the Debtor made a false statement with the purpose and intention of deceiving the creditor; [2] the creditor relied on such false statement; [3] the creditor's reliance on the false statement was justifiable; [4] and the creditor sustained damage as a result of the false statement". Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir., 1996).

Very simply, the Court cannot invoke collateral estoppel because none of the above four elements in the Johannessen case, were set forth in findings for the jury to make in the verdict form. Nor are there any of the required findings in the State Court final judgment.

B)  "The issue of fraudulent (sic) misrepresentation was actually litigated".

Plaintiffs mistakenly argue that the Complaint sought a "fraudulent misrepresentation claim". Nothing in the State Court Amended Complaint ever used the word "fraudulent".

As was stated in the case of In re Lichtman, 388 B.R. 396, 409 (Bkrtcy. M.D. Fl, 2008), "common law fraud and negligent misrepresentation involve more or less the same elements of proof (citations omitted)...the only slight difference... is that in common law fraud, a Plaintiff must show that the Defendant made a false statement, that the Defendant knew to be false, whereas with negligent misrepresentation a Plaintiff need only show that the Defendant failed to ascertain the truth or falsity of his or her representation".

In the Lichtman decision, the Bankruptcy Court Judge in discussing concealment, went on to say further on page 410 of the decision:

"...Otherwise, the elements of fraudulent concealment are the same as the elements of common law fraud and negligent misrepresentation, and include: "(1) a misrepresentation of material fact or suppression of the truth; (2)(a) knowledge of the representor of the misrepresentation, or (b) representations made by the representor without knowledge as to either the truth or falsity, or (c) representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation." (Citations omitted)

Finally, visibly missing from the jury instruction in the State Court case, is anything discussing the reliance must have been reasonable, let alone justifiable. Defendants, therefore, dispute the issues tried were identical, or actually litigated.

C)      "The prior determination of the fraudulent (sic) misrepresentation claim must have been a critical and necessary part of the Judgment in that earlier decision".

Defendants do not dispute the elements for collateral estoppel are as are set forth in the In re St. Laurent case, 991 F.2d 672, 676 (11th Cir., 1993). However, the jury was not asked to find the required elements contained in 11 U.S.C. §523(a)(2)(A). The jury verdict only asked the jury to find if a "misrepresentation' occurred. The jury was not asked to make findings of the required elements for intentional fraud. Nor did the Lower Court make a finding on the required elements for intentional fraud in the final judgment. There are therefore, no findings for this Court to use to collaterally estop the Defendants from defending this §523(a)(2)(A) adversary proceeding.

As previously stated in this Memorandum, there was no need for the State Court jury to find a "fraudulent" misrepresentation occurred to award damages to the Plaintiffs. In the State court case, Plaintiffs were entitled to recover damages with a finding of a misrepresentation. As was shown above, the damages could have been awarded based on negligent fraud. Plaintiffs, not specifying to the jury they had to find all the required elements for a "fraudulent" misrepresentation in the jury verdict was a fatal omission for Plaintiffs' arguments for collateral estoppel. Reviewing what happened in the State Court, leaves doubt on whether the jury believed if they found a misrepresentation, this was enough to award money damages. The fact that the jury awarded less damages ($78,000), rather than the $82,000 requested, supports that the jury

was not so angered at Defendants to not give them a reduction in damages, as they might have with someone who committed an intentional fraud.

D) "The standard of proof in the prior action is identical to the standard in the Bankruptcy Court".

Defendants do not dispute the standard of proof in the Bankruptcy Court is "preponderance of the evidence". Grogan v. Garner, 498 U.S. 279, 285 (1991). However, this being said, Defendants see this as an irrelevant argument to the Motion for Summary Judgment. This is because the standard of proof would only come on for consideration if Plaintiffs had findings made in the State Court that satisfied the required elements for a §523(a)(2)(A) action. Here, there were not the required findings. Having failed to bring to this Court, findings of fact and conclusions of law from the State Court, the Plaintiffs' Motion for Summary Judgment should be denied, regardless of the standard of proof.

7. Defendants are also filing their affidavits in opposition to a Summary Judgment. These affidavits also create disputed facts that must be tried, because there are no findings for this Court to rely upon to collaterally estop the Defendants from disputing Plaintiffs' factual allegations.

8. As the Court well knows, a Summary Judgment should not be granted when there is even the slightest of doubt regarding the facts of the case. Celotex Corp. V. Catrett, 477 US

317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Tomalewski v. State Farm Life Ins. Co., 494 F.2d 882, 884 (3rd Cir., 1974).

WHEREFORE, it is prayed the Court deny the Plaintiffs' Motion for Summary Judgment and grant Defendants a Summary Judgment, finding the Defendants are not collaterally estopped to a trial to defend the present adversary proceeding.

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States Mail/electronic transmission to Brad E. Kelsky, Esquire, 1250 S. Pine Island Road, Plantation, Florida 33324 this 19th day of November, 2015.

RAYMOND J. ROTELLA, OF<br>
KOSTO & ROTELLA, P.A.<br>
Post Office Box 113<br>
Orlando, Florida 32802<br>
Telephone: 407/425-3456<br>
Facsimile: 407/423-5498<br>
Florida Bar Number 157951<br>
Rrotella@kostoandrotella.com<br>
Dmeyer@kostoandrotella.com<br>
ATTORNEYS for Defendants