UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the Matter of:

CASE NO. 6:15-BK-1397-CCJ
ADV. FILE NO. 6:15-AP-00038-CCJ

JAIME RODRIGUEZ and MARIA CELESTE
RODRIGUEZ

      Debtors.
_____

DIANE MAHONY and JOHN MAHONY

      Plaintiffs,

v.

JAIME RODRIGUEZ and MARIA RODRIGUEZ

      Defendants.
_____/

## RESPONSE TO PLAINTIFFS' MOTION TO STRIKE (DOC. #50), AND DEFENDANTS' MOTION TO ALLOW LATE FILED MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS

COMES NOW the Defendants, by and through their undersigned attorneys, and files this their Response to Plaintiffs' Motion to strike (Doc. #50), and the Defendants' Motion to allow late filed Motion for Summary Judgment by Defendants, and as grounds therefor would state as follows:

1.     Defendants admit their attorney did attend a hearing on September 2, 2015, and at that hearing, the Court orally indicated there would be a deadline for filing dispositive motions, as is reflected on the Court docket #41. Following that hearing, no order was entered. The docket entry #41 is the Pro Memo. It states the docket entries are not an official order of the Court. Therefore, respectfully, there was no order fixing times.

2.     As a starting point, Rule 7056, incorporating Fed. R. Civ. Pro. 56(F)(1), allows

1

the Court, after giving notice and a reasonable time to respond, to grant a Summary Judgment to a non-moving party. Here, the Plaintiffs have a reasonable time to respond, and cannot express surprise if the Court grants Defendants' Motion for Summary Judgment and denies Plaintiffs' Motion for Summary Judgment.

3.    Nor are the Plaintiffs being prejudiced by the Defendants filing of their Motion for Summary Judgment. If the Plaintiffs lose their Motion for Summary Judgment, it means a trial must take place, and the Defendants win their Motion for Summary Judgment, meaning a trial must occur. Therefore, Defendants' Motion for Summary Judgment will not affect the outcome of Plaintiffs' Motion for Summary Judgment if the Court denies Plaintiffs' Motion for Summary Judgment. If Plaintiffs' Motion for Summary Judgment is granted. Defendants' Motion for Summary Judgment will be denied. Defendants therefore, question why Plaintiffs are even pursuing the Motion to strike.

4.    In addition, there is State Court law that even without filing a Motion for Summary Judgment, a Court may grant a Summary Judgment to the non-moving party at a hearing held on the moving party's Summary Judgment motion. R & L Construction, Inc. V. Cullen, 557 So.2d 931 (Fl 5 DCA, 1990). Also, a Court may grant a Summary Judgment on its own motion, done at a preliminary hearing. Ferguson v. V.S.L. Corporation, 528 So.2d 32 (Fl 5 DCA, 1988).

WHEREFORE, it is prayed the Plaintiffs' Motion to strike be denied, and the Court consider Plaintiffs and Defendants' Motions for Summary Judgment together in its analysis of whether it can grant a Summary Judgment on the issues addressed in the Motions for Summary Judgment.

2

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States

Mail/electronic transmission to Brad E. Kelsky, Esquire, 1250 S. Pine Island Road, Plantation,

Florida 33324 this _____ day of December, 2015.

RAYMOND J. ROTELLA, OF
KOSTO & ROTELLA, P.A.
Post Office Box 113
Orlando, Florida 32802
Telephone: 407/425-3456
Facsimile: 407/423-5498
Florida Bar Number 157951
Rrotella@kostoandrotella.com
Dmeyer@kostoandrotella.com
ATTORNEYS for Defendants

3