UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In the Matter of:

JAIME RODRIGUEZ and MARIA CELESTE RODRIGUEZ

    Debtors.
_____

DIANE MAHONY and JOHN MAHONY

    Plaintiffs,

v.

JAIME RODRIGUEZ and MARIA RODRIGUEZ

    Defendants.
_____/

CASE NO. 6:15-BK-1397-CCJ
ADV. FILE NO. 6:15-AP-00038-CCJ

**DEFENDANTS' MEMORANDUM OF LAW CONCERNING THE ISSUE OF LAW THE COURT ASKED TO BE BRIEFED AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. 54)**

Defendants, JAIME RODRIGUEZ and MARIA RODRIGUEZ, pursuant to the Court's Request at the hearing of January 27, 2016, hereby submit this Memorandum of Law and would say as follows:

1.    At the January 27, 2016 hearing, the Court requested the parties to research whether the Court can look behind a facially deficient state court jury verdict when considering a motion for summary judgment. Specifically, the Court requested case law regarding the Bankruptcy Court's consideration of the state court causes of action, including the jury instructions where the jury verdict form failed to make findings which would satisfy the fraud requirements of 11 U.S.C. §523(a)(2)(A).

2.    It is because the jury verdict failed to make any findings to support an 11 U.S.C.

§523(a)(2)(A) claim that the parties are in this position before this Court.

3. Toward the Court's request, on February 3, 2016, counsel for the Plaintiffs submitted their Memorandum of Law Supporting their Motion for Summary Judgment (DOC. 54). The Plaintiffs' Memorandum relies almost exclusively on the case of In re Barreto, 514 B.R. 702 (Bankr. S.D. Fla. 2013). The facts in the Barreto case are vastly different from the ones in the present case and nothing cited in the Plaintiffs' Memorandum indicate that the ruling in Barreto controls in this case. Of significance, the Barreto case, unlike our case, involved a jury verdict that had all the required findings for an intentional fraud.

4. Unlike our present case, the Barreto verdict form specifically provided interrogatory questions for the jury to find on each of the required elements for intentional fraud. Barreto, at 514 B.R. 713, f.n. 12. It is clear that the jury in Barreto found that the defendant in that case acted intentionally when making a false representation intended that the plaintiff rely on said false representation. The state court jury in our present case rendered a very different verdict and made no findings of any intentional fraud or any reliance on false representations as required by 11 U.S.C. §523(a)(2)(A).

5. There is no dispute that, as part of a trial, the Court could look at other matters that occurred during the state court jury trial. The United States Supreme Court stated: "....the Bankruptcy Court is not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeabilty of respondent's debt" Brown v. Felsen, 99 S.Ct. 2205 (1979) at 2213.

6. Because the Court is considering a Motion for Summary Judgment, Defendants argue that the summary judgment must be denied because there are clearly questions of fact about what happened during the state court trial. These would include issues concerning the charge conference

and whether Defendants' prior counsel agreed to the jury instructions and jury verdict form, as well as issues raised and argued to the jury by Defendants' state court attorney. Unfortunately for us and the jury, they were not asked to make specific findings and were confined to one deficient verdict finding. We do not know if they had an interrogatory verdict asking if they found an intentional fraud occurred, if the jury would have found intentional fraud, as is required under 11 U.S.C. §523(a)(2)(A). While Plaintiffs argue Defendants' state court counsel agreed to the verdict form (a question of fact), this is irrelevant since we are now in the bankruptcy court and the verdict form does not find intentional fraud.

7. For a party to be entitled to summary judgment, the moving party must show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56 (a). In the present case there are clearly genuine disputes before the Court and these disputes should be resolved by the Court after "the fullest possible inquiry". Archer v. Warner, 123 S.Ct. 1462 (2003) at 1467. Summary judgment in favor of the party with the burden of persuasion is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact. Hunt v. Cromartie, 119 S.Ct. 1545. In ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor  Fed. R. Civ. P. 56(c).

8. The issue of res judicata, as raised in Plaintiffs' Motion and Memorandum, is not one for summary judgment. This is because neither the jury verdict or the final judgment from the verdict find an intentional fraud occurred.

9. In Re Hawkins, 231 B.R. 222 (Bankr. D. NJ, 1999), is a case the defendants ask the court to consider to find plaintiff's motion for summary judgment should be denied. In Hawkins, the court believed that an inquiry as to the possibility of fraud was in order, even though there were no actual findings of fraud in the state court. However, the court would not grant summary

judgment, saying that the state court did not and could not declare the debt to be dischargeable. The court went on to say that the creditor must *prove* that it is more likely than not that (the debtor's) acts were willful and malicious as defined by the Bankruptcy Code. "Furthermore, courts must narrowly construe the discharge exceptions in favor or the debtor, given that the underlying policy of the Code is to afford the debtor a 'fresh start'." Hawkins, at 228.

10. In the Archer case, cited *supra,* the court noted on page 1467, that, in addition to finding that the Bankruptcy Code intends "the fullest possible inquiry to insure that all debts arising from fraud are excepted from discharge no matter their form". The Archer court went further in saying that "Congress also intended to allow the relevant determination (whether a debt arises out of fraud) to take place *in Bankruptcy Court,* not to force it to occur earlier in state court at a time when non-dischargeability concerns are not directly in issue...".

11. When a state court judgment reaches the Bankruptcy Court... "the issue is one of dischargeability and not one of liability. While liability may have been adjudicated, the non-dischargeability of the liability has not been adjudicated". See In re: Ianell; 12 B.R. 561 (S.D. N.Y., Bankr, 1981), Page 563, f.n. 7. This adjudication can only occur when all issues and facts are before the court, properly presented at trial.

12. In light of the foregoing, it is clear that Plaintiffs' Motion for Summary Judgment should be denied with this court determining if the debt should be non-dischargeable under 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Defendants request the Court deny Plaintiffs' Motion for Summary Judgment.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was furnished by United States Mail/electronic transmission to Brad E. Kelsky, Esquire, 1250 S. Pine Island Road, Plantation, Florida 33324 this 8th day of February, 2016.

RAYMOND J. ROTELLA, OF
KOSTO & ROTELLA, P.A.
Post Office Box 113
Orlando, Florida 32802
Telephone: 407/425-3456
Facsimile: 407/423-5498
Florida Bar Number 157951
Rrotella@kostoandrotella.com
Dmeyer@kostoandrotella.com
ATTORNEYS for Defendants